# Richmond.

## CARLISLE HOSIER v. COMMONWEALTH.

### January 18, 1923.

1. INTOXICATING LIQUORS—*Documentary Evidence—Chemist's Certificate of Analysis of Liquor—Case at Bar.*—A witness for the Commonwealth, to whom the defendant sold ardent spirits, secured a sample thereof and delivered the same to the Commonwealth's attorney. The latter sealed the bottle and sent it by mail to the Department of Agriculture for analysis. The bottle was returned by express with part of the liquid gone, and accompanied by a certificate of the Commissioner of Agriculture, and a chemist, showing that the liquid in the bottle contained 16.73 per cent. of alcohol. These facts were testified to by the witness, and he produced and read to the jury the above-mentioned certificates. Accused made no motion to require the chemist to appear in person.

   *Held:* ·That this evidence and the certificates were properly admitted in evidence under Acts 1918, chapter 388, page 599, section $30\frac{1}{2}$.

2. INTOXICATING LIQUORS—*Volstead Act—Eighteenth Amendment—Conflict with the State Prohibition Act.*—In the instant case the Supreme Court of Appeals was asked to reverse the conviction in a prosecution for a violation of the State prohibition law, on the ground that the prohibition statutes of Virginia were inoperative and of no legal effect because in conflict with the prohibition act of Congress, commonly known as the Volstead act (41 Stat. at L. 305), and duly enacted in pursuance of the eighteenth amendment of the Constitution of the United States.

   *Held:* That this contention was concluded adversely to the defendant by the former decision of the Supreme Court of Appeals in *Allen* v. *Commonwealth*, 129 Va. 723, 105 S. E. 589, and by the decision of the Supreme Court of the United States in *Vigliotti* v. *Commonwealth*, 42 Sup. Ct. Rep. 330.

Error to a judgment of the Circuit Court of Norfolk county.

*Affirmed.*

The opinion states the case.

*Venable, Miller, Pilcher & Parsons,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

KELLY, P., delivered the opinion of the court.

The defendant, Carlisle Hosier, was convicted in the circuit court upon an indictment charging him with a violation of the State prohibition law, and was sentenced to a term of six months in jail and the payment of a fine of $500.00. This writ of error was applied for and awarded before the repeal of the statute allowing appeals in all criminal cases.

The first error assigned is that the court ought to have granted a new trial on the ground that the verdict was contrary to the evidence. Of this it is sufficient to say that the proof on behalf of the Commonwealth clearly showed that the defendant, within one year prior to the finding of the indictment, sold ardent spirits in Norfolk county contrary to law.

[1] 2. A witness for the Commonwealth, Alfonse La Chance, to whom the defendant sold ardent spirits as aforesaid, secured a sample thereof, placed it in a bottle, and delivered the same to A. B. Carney, the Commonwealth's attorney for Norfolk county. The latter sealed the bottle and sent it by mail to the Department of Agriculture at Richmond for analysis. Shortly afterwards the bottle was returned to Mr. Carney by express with part of the liquid gone and accompanied by a certificate of G. W. Koiner, Commissioner, and C. M. Bradbury, chemist, showing that the liquid in the bottle contained 16.73 per cent. of alcohol. These facts were testified to

by Carney, and he produced and read to the jury the above-mentioned certificates. This testimony and these certificates were objected to by counsel for the prisoner, but the objection was overruled, and this action by the court is assigned as error.

The sample furnished the chemist was duly labelled and certified, the analysis by the chemist was made under the direction of the Commissioner of Agriculture, the certificate of the chemist was signed and sworn to by him, and the accused made no motion to require the chemist to appear in person as a witness. This assignment of error, therefore, is plainly without merit. Acts 1918, chapter 388, page 599, section 30½; *Bare* v. *Commonwealth,* 122 Va. 783, 94 S. E. 168.

[2] 3. The remaining contention upon which we are asked to reverse the judgment complained of is stated in varying forms in the petition for the writ of error, but is comprehended in the proposition "that the prohibition statutes of Virginia were inoperative and of no legal effect because in conflict with the prohibition act of Congress, commonly known as the Volstead act (41 Stat. 305), and duly enacted in pursuance of the eighteenth amendment of the Constitution of the United States." This contention is concluded adversely to the defendant by the decision of this court in *Allen* v. *Commonwealth,* 129 Va. 723, 105 S. E. 589, and by the decision of the Supreme Court of the United States in *Tony Vigliotti* v. *Commonwealth of Pennsylvania,* decided April 10, 1922, and reported in 258 U. S. X, 42 Sup. Ct. 330, 66 L. Ed. ——.

The judgment is affirmed.

*Affirmed.*